when without the aid of such invention it could not be effected.

According to the view which the court takes of the evidence, Bachelder & Thompson first successfully combined the two systems of brakes with each other and with the windlasses, so that all the brakes could be applied at either end of the car. This was their invention, secured by letters patent to Tanner. No one else had the right to take what may be termed the inventive principle of this combination, use it and evolve something different and better by additional devices for which last a patent could be sustained. This we think Stevens did. What he invented he has a right to retain under his patent, but he cannot use the invention of Bachelder & Thompson without the consent of the patentee or his assignee.

The court took this view of the case before, though the question of infringement was not specially pressed on the former argument, and the court, though it may be admitted it is a point of some nicety, has seen no reason to change its opinion.

It may be that the invention of Bachelder & Thompson, without the improvement of Stevens superadded, may not be of very great value, but that question is not now before us for decision. That will be considered when the proofs upon that point are taken and reported to the court.

Decree accordingly and reference to a master.

At the coming in of the master's report. July 31, 1873, assessing the damages as against the Chicago and Northwestern R. R. Co., at $63,-638.40, the defendant filed 13 exceptions, which are now (November, 1873,) on hearing before Judge Drummond. This case is a test case, nearly all the railroads in the country being directly or indirectly interested in it. [A decree for the whole amount was rendered in that case (unreported). On further rehearing, in September, 1875, the decree was reduced from $63,638.40 to $47,725 (case unreported.) From that decree an appeal was taken to the supreme court, where the decree of the circuit court was reversed, and the cause remanded, with directions to enter a decree dismissing the bill of complaint. 97 U. S. 554.]

## Case No. 12,416.

### SAYLES v. CHICAGO, B. & Q. R. CO.

[Cited in Sayles v. Richmond, F. & P. R. Co., Case No. 12,424. Nowhere reported; opinion not now accessible.]

## Case No. 12,417.

### SAYLES v. DUBUQUE & S. C. R. CO.

[5 Dill. 561; 3 Ban. & A. 219.] [1]

Circuit Court, D. Iowa. Feb., 1878.

PATENTS—JURISDICTION IN EQUITY — ASSIGNMENT —EXTENSION OF PATENT—STATUTES OF LIMITATION.

1. Equity has jurisdiction of a bill by a patentee against an infringer which seeks a dis-

covery and account of profits. See Stevens v. Kansas Pac. Ry. Co. [Case No. 13,401].

2. The assignment by the patentee to the plaintiff, set out in the bill, held to give the latter the whole benefit of the invention, including any extended term.

3. The patent in question held, on demurrer, to have been extended at the instance and for the benefit of the inventors.

4. The act of congress of 1870, § 55 [16 Stat. 206], as to limitation of actions for infringements of patents, construed, and held to bar any claim in respect of the original patent.

5. Whether state statutes of limitation apply to suits for infringement of letters-patent, quære?

[See Anthony v. Carroll, Case No. 487.]

[Cited in May v. Buchanan Co., 29 Fed. 472.]

6. The defendant company is not liable for the profits made by a predecessor company.

Letters-patent [No. 9,109] were issued July 6th, 1852, extended July 5th, 1866, to Henry Tanner, for an improvement in railroad car brakes. The extended term expired July 6th, 1873. The plaintiff [Thomas Sayles] is Tanner's assignee. On February 5th, 1877, he filed his bill in equity, stating that the defendant has used the invention and derived large profits therefrom, and praying a discovery thereof and an account, etc. The defendant filed a general and special demurrer to the bill.

A. H. Walker, for plaintiff.
George Payson, for defendant.

Before DILLON, Circuit Judge, and LOVE, District Judge.

PER CURIAM. We have considered the points made in argument upon the demurrer to the bill. We have no time to elaborate our views. It must suffice to state our conclusions. We do this at this time so that the cause may proceed. These conclusions are not, on all the points. so fixed as to preclude further argument and consideration on the final hearing. The views which we now entertain of the questions made, are as follows:

1st—As to the jurisdiction of equity over the bill. Although the original and extended term of the letters-patent had expired before this suit was brought, we think the bill can be maintained in equity, on the ground that it seeks a discovery and accounting for profits made by the defendant's use of the plaintiff's property, which profits, if not trust moneys strictly. are of that nature, and necessarily require an investigation, which a court of law is not so competent to make as a court of equity.

2d—As to the effect of the assignment to Tanner of April 1st. 1852. By an amendment to the bill of complaint, it appears that on the same 1st day of April. 1852. Tanner executed an instrument to the inventors, Thompson & Bachelder, by which the latter were to participate in the gains and benefits which should accrue to Tanner by reason of

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and by Hubert A. Banning, Esq., and Henry Arden. Esq., and here compiled and reprinted by permission.]